IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND C. HINTON, #302-326 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-14-2818 |
| FRANK BISHOP, et al., | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Respondents move to dismiss Raymond C. Hinton's petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 4). Hinton was granted an opportunity to reply (ECF No. 5), and has done so. (ECF No. 6). Respondents have supplemented their response in light of Hinton's reply. (ECF No. 8). After reviewing the parties' submissions, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the petition shall be dismissed as time-barred.

### Procedural History

On April 25, 2001, a jury sitting in the Circuit Court for Baltimore City convicted Hinton of first-degree murder and related offenses. *See* ECF 4-1 at 1.[1] On July 13, 2001, Hinton was sentenced to serve his life in prison plus 20 years. *Id.* Hinton did not file a direct appeal of his judgment to the Court of Special Appeals of Maryland. *Id.* Therefore, his judgment became final for direct appeal purposes on Monday, August 13, 2001. *See* Md. Rule 8-202 (requiring notice of appeal to be filed within 30 days of judgment from which appeal is sought).

---

[1] The pagination noted herein reflects the numbering assigned by the Clerk's electronic docketing system.

On October 21, 2004, Hinton filed a petition for post-conviction relief in the Circuit Court, which was withdrawn at his request on March 16, 2005. *Id.* at 4. On July 3, 2008, Hinton's motion for modification and reduction of sentence was denied.[2] *Id.*

On May 31, 2011, Hinton again sought post-conviction relief. *Id.* at 5. The Circuit Court denied relief on December 26, 2013. *Id.* Hinton's application for leave to appeal summarily was denied by the Court of Special Appeals on May 22, 2014, with the court's mandate issuing on June 23, 2014. *See* ECF No. 4-2.

On September 4, 2014, the Clerk of this Court received Hinton's federal habeas corpus petition, dated August 26, 2014.[3] In his petition Hinton claims trial counsel was ineffective, depriving him of an opportunity for direct appeal and an opportunity to seek modification or reduction of sentence.[4]

## Analysis

Counsel's failure to file a direct appeal when requested to do so by his client is per se ineffective assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *U.S. v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This obligation is so fundamental that "[a] defendant has a right to pursue a direct appeal, even if frivolous, which counsel must assist as 'an active advocate in behalf of his client." *Frazer v. South Carolina*, 430 F.3d 696, 705 (4th Cir. 2005) (quoting *Anders v. California*, 386 U.S. 738, 744, (1967)).

The post-conviction court credited trial counsel's testimony that he could not recall Hinton requesting an appeal, but he always files an appeal if there is an appealable issue or if a

---

[2] The state court docket does not show when the motion for modification or reduction of sentence was filed.

[3] Pursuant to the "prison mail box rule," the signature date is deemed the date of filing. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734–35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[4] As noted herein, the record reflects that a motion for modification or reduction of sentence was filed, considered and denied.

client requests that an appeal be filed. The court's opinion suggests that Hinton's delay in seeking a belated appeal provided further support that the ineffective assistance claims based on failure to file an appeal and other post-trial motions were "bald allegations." ECF No. 8-4, at 4.

Respondents have not directly relied on trial counsel's testimony or the deference to be afforded the post-conviction court's ruling in addressing the merits of Hinton's ineffective assistance claims. Instead, respondents argue that the petition statutorily is time-barred because it was not presented for federal habeas corpus review within the one-year limitations period.

The one-year statute of limitations is not jurisdictional; it must be raised as an affirmative defense. *See Harris v. Hutchinson*, 209 F.3d 325, 328–29 (4th Cir. 2000); *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Furthermore, consideration of timeliness of a state prisoner's habeas petition may be undertaken by district courts sua sponte, but not before the parties have been accorded fair notice and an opportunity to respond, *see Day v. McDonough*, 547 U.S. 198, 209–10 (2006); *Braxton*, 277 F. 3d at 706, although a court may, under some circumstances, raise a forfeited timeliness defense on its own initiative. *See Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012) (citing *Day v. McDonough,* 547 U.S. 198, 202 (2006); *Granberry v. Green*, 481 U.S. 129, 134 (1987)). Accordingly, the timeliness of Hinton's habeas petition must be resolved before the merits of his petition may be addressed.

Respondents note that the one-year period that applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run no later than August 12, 2001, and expired on August 13, 2002. Because Hinton had no pending state-court proceedings during this period, respondents contend the instant petition, filed more than a decade later, is time-barred.

3

Hinton counters respondents' contention, arguing he is entitled to equitable tolling of the limitations period. Hinton contradicts the testimony of trial counsel and the findings of the post-conviction court, providing correspondence, dated August 13, 2001, requesting trial counsel file a notice of appeal and a motion for modification of sentence. ECF No. 6, at 2; ECF No. 6-1, at 1. He also provides copies of letters dated January 15, 2002 and July 16, 2002, asking trial counsel the status of his "post trial motions." ECF No. 6-1, at 2–3. It appears that by July 16, 2002, Hinton was aware that trial counsel would not handle these motions, and had been advised to contact the Maryland Office of the Public Defender for further assistance. *Id.* at 3.

On January 20, 2003, Hinton contacted the Public Defender to inquire as to the status of his appeal and post-judgment motions. *Id.* at 4. In a letter dated January 14, 2004, Hinton acknowledges the Public Defender's letter stating that trial counsel did not contact the Public Defender to request that the agency undertake Hinton's direct appeal, and that no appeal had been filed. *Id.* at 5.

On October 18, 2004, Hinton filed a post-conviction petition seeking relief based on ineffective assistance of counsel due to counsel's alleged failure to note his direct appeal. ECF No. 6-2. On February 2, 2005, he wrote Shane McMahon of the Public Defender's Collateral Review Division, asking whether he would be entitled to a second post-conviction petition if the original post-conviction petition, limited to the issue of trial counsel's failure to note an appeal, were to be granted. ECF No. 6-3. On February 22, 2005, Hinton again wrote McMahon, indicating his willingness "to accept the state's offer to grant the belated appeal without a hearing" and asking that McMahon "pass this information on to the new attorney [from Collateral Review] who will be assigned to my case."[5] *Id.* at 2. Hinton provides additional

---

[5] Hinton provides no documents to support his belief that such an offer had been tendered by the prosecutor, much less accepted by the court.

4

correspondence with various attorneys in Collateral Review, dated July 19, 2007, January 12, 2010, February 4, 2010, May 18, 2010,[6] August 4, 2010, February 10, 2011, and April 24, 2011. The correspondence clearly indicates that post-conviction review of his case would be delayed and explains the reasons for such delay. ECF No. 6-3, pp. 3-9.

On May 10, 2011, Deputy Chief Handwerger informed Hinton that he found no grounds with substantial merit to present in a post-conviction petition, other than the grounds concerning trial counsel's failure to file a notice of appeal and a motion for modification of sentence. *Id.*, pp. 10-13. Handwerger filed a post-conviction petition on Hinton's behalf, raising those two grounds for relief, on May 31, 2011. ECF No. 6-4. Post-conviction review was completed on June 23, 2014. ECF Nos, 4-1 at 5 and 4-2. Eight weeks later, Hinton signed and mailed his federal habeas corpus petition. ECF No. 1.

In order to be entitled to equitable tolling of the limitations period, Hinton must establish that either some wrongful conduct by respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). Any resort to equity "must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling limited to the extraordinary circumstance); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

Nothing in the record suggests that misconduct or some extraordinary circumstance

---

[6] This letter, from Deputy Chief Attorney Norman Handwerger, provided Hinton with a copy of his original post-conviction petition and instructions for filing a self-represented petition. ECF No. 6-3, at 6.

prevented Hinton from timely filing and completing state post-conviction review of the grounds raised herein. At the latest, he knew by January of 2004 that notice of appeal had not been filed. He then waited more than eight months, until October 21, 2004, to present the two grounds raised in the instant petition—including trial counsel's failure to file notice of appeal—in his first post-conviction petition. Hinton then withdrew the petition five months later. Although those grounds ultimately were presented to the state courts by way of post-conviction review, Hinton's actions—which include withdrawing his original post-conviction petition on those claims—are anything but diligent. To the extent the delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Hinton has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the court will deny and dismiss the petition. A Certificate of Appealability will not issue because Hinton has not made a "substantial showing of the denial of a constitutional right."[7] A separate Order follows.

_____          _____
Date                         Paul W. Grimm
                             United States District Judge

---

[7] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Hinton from requesting a Certificate of Appealability from the appellate court.